HARRY SINGLETON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An objection to the competency of a witness on the ground that such witness had been convicted of a disqualifying offense, is properly overruled where the witness denies, and no evidence is offered to prove, that he had ever been convicted of such offense.

2. Where the defendant in a criminal case, being examined as a witness, on cross-examination admits having made certain statements under oath on a previous trial concerning the *res gestae* of the offense, apparently in conflict with his present testimony, and the State in rebuttal is permitted to prove that defendant did on the former trial make the statements now admitted by him, and the appellate court can clearly see that no injury resulted, or could have resulted to defendant from the admission of such testimony in rebuttal, it will not reverse the judgment of conviction, even though such rebuttal testimony was irregularly admitted.

Writ of Error to the Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion.

*Wall & Stevens,* for Plaintiff in Error.

*The Attorney-General,* for Defendant in Error.

CARTER, J.:

Plaintiff in error was indicted for the murder of one Jack McCormick, at the Fall term, 1895, of the Circuit Court of Hillsborough county. He was tried, convicted and sentenced to be hanged, but this judgment of conviction was reversed and a new trial ordered by this court at our June term, 1896 (Singleton vs. State, 38 Fla. 297, 21 South. Rep. 21). At the Fall term, 1896, of the Circuit Court of Hillsborough county, the defendant was again tried and convicted, and from the death sentence imposed upon him sued out the present writ of error.

1. Howard Bishop, a witness for the State, upon preliminary examination by defendant as to competency, denied that he had ever been convicted of the larceny of a cow. Defendant objected to the competency of this witness on the ground that he had been convicted of stealing a cow, and had not been pardoned thereof, but the court overruled the objection and this ruling is assigned as error. No evidence was offered at any time during the trial tending to show that the witness Bishop had ever been convicted of stealing a cow, and the witness positively denied that there had ever been such conviction. Under these circumstances, it is quite obvious that the court did not err in the ruling complained of.

2. On cross-examination of the defendant as a witness, he was asked by the State Attorney if he did not

on the former trial of the case testify to certain matters apparently conflicting with his present testimony, concerning the *res gestae* of the offense, embraced in the answers to nine stated questions propounded to him as a witness during such former trial, to which the defendant gave an affirmative answer. In rebuttal, the stenographer who reported the former trial was permitted to testify that the defendant, as a witness on such trial, did testify to those matters which the defendant on cross-examination during the present trial had admitted having testified to on such former trial. The defendant objected to the stenographer's testimony on the ground that as he the defendant had not denied any of his former testimony when questioned by the State's counsel, it was not competent to introduce such former testimony for the purpose of contradiction or for any other purpose. It is not claimed that the evidence of the stenographer was immaterial, or irrelevant, nor is it suggested to us that the defendant was harmed by its admission. It is very clear to us that no injury did result, or could have resulted, to the defendant by the admission of this testimony. It was simply corroborative of defendant's own admission. So far as the State's case was concerned, it was cumulative evidence, and as such may have been superfluous; and it may have been irregular to admit it, inasmuch as the defendant had admitted everything which this testimony tended to prove, but it can not be said that the testimony was irrelevant or immaterial to the issues. Its admission had no tendency to mislead the jury, nor to prejudice the defendant's case, in the slightest degree. This being true, we can not reverse the judgment, even if the

court below admitted the testimony irregularly. Ortiz vs. State, 30 Fla. 256, 11 South. Rep. 611.

3. After a very careful consideration of the voluminous testimony certified to us in the record, we discover nothing authorizing us to say that the Circuit Court erred in denying defendant's motion for a new trial upon the ground that the verdict of the jury was without evidence to support it. We think the state of the evidence, when the case was submitted to the jury, was such as to fully justify the conclusion that the defendant was guilty of murder in the first degree, beyond all reasonable doubt.

The judgment of the court below is affirmed.